IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEBBIE D. SMITH                                                                                               PLAINTIFF

v.                        Civil No. 04-6113

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

      The plaintiff, Debbie Smith, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her applications for disability insurance benefits (hereinafter "DIB"), and for supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*, and § 1602 of Title XVI of the Act, *42 U.S.C. § 1381a,* respectively.

      Plaintiff was 40 years of age at the time of the administrative hearing and has a Graduate Equivalency Diploma (hereinafter "GED") (T. 211-212). She has past relevant work as an assembly worker, cashier/checker, farm hand, aquaculturist, horse tender and projectionist (T. 212-214, 224, 230, 90). Plaintiff alleges January 2, 2001, as the onset date for her disability (T. 63), due to: bilateral carpal tunnel syndrome; fibromyalgia; anxiety/depression; bilateral osteoarthritis of the knees; headaches; anemia; insomnia/fatigue; and, weakness/numbness of the extremities. She filed her applications on September 24, 2002.

      The Social Security Administration denied plaintiff's application initially and on reconsideration. She then requested and received a hearing before an Administrative Law

Judge (hereinafter "ALJ"), which hearing was held on January 6, 2004 (T. 209-232). The ALJ rendered an unfavorable decision on April 27, 2004 (T. 12-19). By Order entered June 25, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 4-6), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. Both parties have filed appeal briefs (Doc. #9 & 10). Accordingly, this matter is now ready for consideration.

**Applicable Law:**

The ALJ evaluated the plaintiff's claim according to the five-step sequential evaluation analysis prescribed by the social security regulations. See *20 C.F.R. §§ 404.1520(a)-(f);* see also *Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step analysis). At the first step, the ALJ found the plaintiff had not engaged in substantial gainful activity since her alleged onset date. In the next two steps, the ALJ determined that plaintiff has impairments considered "severe", in the form of a fibromyalgia and arthritis of the right knee (T. 18), but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ("Listing of Impairments"). The ALJ found that the plaintiff's subjective complaints are not totally credible. Next, the ALJ determined that plaintiff retains the residual functional capacity (hereinafter "RFC"), to lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk six hours of an eight-hour workday; and sit six hours of an eight-hour workday. In other words, the plaintiff was found to have the capacity to perform a full range of light work. According to the ALJ, the plaintiff's past relevant work as a convenience store checker/cashier and as an aquatic culturer did not require the performance of work-related activities precluded by her residual functional capacity. Thus, the

ALJ determined that the plaintiff's impairments do not prevent her from performing her past relevant work. Finally, the plaintiff was found "not disabled" at any time through the date of the decision (T. 19).

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir.2000)*. Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000)*. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*.

To establish entitlement to benefits, the plaintiff must show that she had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than 12 months. See *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*.

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984).

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must

-3-

determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir.1987). The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, 783 F.2d at 130 (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan,* 939 F.2d 560, 565 (8th Cir.1991) ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, 783 F.2d at 131 (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

Residual functional capacity is what a plaintiff can do despite her limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of her limitations. *Dunahoo v. Apfel, 241 F.3d 1033,*

AO72A
(Rev. 8/82)

*1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995);* 20 C.F.R. §§416.945(a).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See* 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).

When a plaintiff suffers from exertional and nonexertional impairments, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

AO72A
(Rev. 8/82)

*Id.* at 350. See also, *Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir.1999); *Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir.1997); *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir.1997).

Further, step four of the sequential analysis used in Social Security disability determinations requires the ALJ to review the plaintiff's residual functional capacity and the physical and mental demands of the plaintiff's past work. *See 20 C.F.R. § 404.1520(e)*. "[T]he ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a plaintiff's past relevant work and to compare that with what the plaintiff herself is capable of doing before he determines that she is able to perform her past relevant work." *Nimick v. Secretary of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir.1989) (emphasis in original). These findings require evidence of the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." *See id.* n. 2 (quoting *S.S.R. No. 82-61*, Soc.Sec.Rep. 836, 838.

**Discussion:**

Overall, we conclude that the record does not contain substantial evidence to support the ALJ's decision that plaintiff is capable of performing her past relevant work as a convenience store checker/cashier or aquaculturist. The Commissioner has promulgated specific guidelines that the ALJ must follow when evaluating whether a plaintiff can return to her past work. *E.g., Social Security Ruling 82-62*; *see Groeper v. Sullivan*, 932 F.2d 1234, 1238 (8th Cir.1991). The ALJ must obtain detailed information regarding the mental and physical demands of the past work and, for a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and

AO72A
(Rev. 8/82)

anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work. *SSR 82-62*. The ALJ simply did not do so here, and the Work History Report completed by the plaintiff is not helpful, nor relevant, in that the ALJ found plaintiff could return to this work as it is generally performed in the economy.

The United States Court of Appeals for the Eighth Circuit has held that the ALJ must specifically set forth the plaintiff's physical and mental limitations, along with the physical and mental requirements of the plaintiff's past relevant work. Only then can the ALJ adequately "compare the claimant's residual functional capacity with the demands of the past work to determine whether the claimant is capable of performing the relevant tasks." *Groeper v. Sullivan, 932 F.2d at 1239; Kirby v. Sullivan, 923 F.2d 1323, 1326-27 (8th Cir.1991)*. "An ALJ's decision that a claimant can return to his past work must be based on more than conclusory statements." *Groeper v. Sullivan, 932 F.2d at 1238*. The ALJ has failed to conduct the required analysis and comparison of plaintiff's residual functional capacity with the demands of her past relevant work.

As noted above, the ALJ specifically found that plaintiff could perform these jobs as they are generally performed in the national economy. See *Evans v. Shalala, 21 F.3d 832, 833-34 (8th Cir.1994) (quoting S.S.R. 82-61, 1975 Soc.Sec.Rep. 836, 838). Cf. 20 C.F.R. § 404.1560(b)(2) (2003)*. See also, *Barnett v. Barnhart 362 F.3d 1020, 1023 (8th Cir.2004)*. In so doing, the ALJ had to disregard, in part, the opinion of the consulting physician, stating:

> In making this assessment must consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations. (citations

AO72A
(Rev. 8/82)

> omitted) The undersigned finds persuasive the opinions of the nonexamining
> state agency physicians that the claimant retains the ability to perform medium
> exertional level work, but has given greater accommodation to her subjective
> complaints by limiting her to light work. The DDS consultative physician
> concluded that the claimant would have severe problems walking due to her
> knees and moderate problems with lifting, carrying, or handling objects. (Ex.
> 9F/7) However, the physician's opinion is contradicted by his own clinical
> findings. Specifically, he found that the claimant had full range of motion of her
> knees, normal gait, no muscle atrophy, and no neurological deficits. Thus, his
> opinion as to her limitations apparently is based on her subjective complaints,
> which are not fully credible. The claimant's treating neurosurgeon
> recommended that the claimant not work for brief periods (less than 12 months)
> following her carpal tunnel release surgeries, but he has never indicated that she
> has any permanent limitations due to her history of CTS. (Ex. 12F) In fact,
> none of the claimant's treating physicians has indicated that her impairments
> cause any permanent limitations.

(T. 15-16). However, the ALJ has given no details as to how he arrived at this conclusion, which is error.

Additionally, the ALJ improperly found plaintiff could return to her work as an aqua culturist, in that the vocational expert (hereinafter "VE"), clearly noted that plaintiff "would not be able to change those tanks out, though" (T. 230). Nonetheless, there is no discussion between the ALJ and the VE as to how that particular restriction might erode the occupational base, although it is clear, the inability to do this task could significantly erode the occupation base. *Ellis v. Barnhart 392 F.3d 988, 996 (8th Cir.2005)*. Furthermore, the *Dictionary of Occupational Titles* (hereinafter the *"DOT"),* requires the following for this job:

> GENERAL EDUCATIONAL DEVELOPMENT
>
> Reasoning: Level 6 - Apply principles of logical or scientific thinking to a wide
> range of intellectual and practical problems. Deal with nonverbal symbolism
> (formulas, scientific equations, graphs, musical notes, etc.) in its most difficult
> phases. Deal with a variety of abstract and concrete variables. Apprehend the
> most abstruse classes of concepts.

AO72A
(Rev. 8/82)

> Math: Level 6 - ADVANCED CALCULUS: Work with limits, continuity, real number systems, mean value theorems, and implicit function theorems.
>
> MODERN ALGEBRA: Apply fundamental concepts of theories of groups, rings, and fields. Work with differential equations, linear algebra, infinite series, advanced operations methods, and functions of real and complex variables.
>
> STATISTICS: Work with mathematical statistics, mathematical probability and applications, experimental design, statistical inference, and econometrics.
>
> Language: Level 6 - READING: Read literature, book and play reviews, scientific and technical journals, abstracts, financial reports, and legal documents.
>
> WRITING: Write novels, plays, editorials, journals, speeches, manuals, critiques, poetry, and songs.
>
> SPEAKING: Conversant in the theory, principles, and methods of effective and persuasive speaking, voice and diction, phonetics, and discussion and debate.
>
> SPECIFIC VOCATIONAL PREPARATION: Level 8 - Over 4 years up to and including 10 years

*DOT, § 041.061-022 (4th Ed.Revised1991).* The plaintiff has a GED.

Moreover, each of plaintiff's alleged impairments are listed, and discussed, singly. The decision does not reflect the requisite consideration of the impairments in combination (T. 15). *Raney v. Barnhart 396 F.3d 1007(8th Cir.2005).*

Thus, the ALJ has failed to adequately compare the plaintiff's residual functional capacity with the demands of her past work. "A conclusory determination that the claimant can perform past work," without such findings, "does not constitute substantial evidence that the claimant is able to return to his past work." *Groeper, 932 F.2d at 1239.*

The ALJ's decision must be reversed on this basis.

**Conclusion:**

AO72A
(Rev. 8/82)

Accordingly, the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for proper investigation of the actual, specific physical and mental demands of the plaintiff's past relevant work with an accurate and detailed assessment of her residual functional capacities, in those areas. The extent of her RFC must then be adequately compared to the requirements of her past relevant work as an aquaculturist and convenience store cashier and checker, as that work is generally performed in the national economy. The Court recognizes that the ALJ's decision may be the same after proper analysis on remand, but proper analysis is required. *Groeper v. Sullivan, 932 F.2d at 1239.*

ENTERED this 23rd day of September, 2005.

                                              /s/ Bobby E. Shepherd
                                              HONORABLE BOBBY E. SHEPHERD
                                              UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)